United States Courts
Southern District of Texas
FILED

OCT 2 8 2005

Michael N. Milby, Clerk

IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMUEL LINK DILLER, BOBBY ROBERTS, CLYDE E. ROGERS, JR., JIMMY WISE, BARBARA VAN ORMAN, and MARCUS RONALD YOUNG on behalf of themselves and others similarly situated, | C.A. No. H. **05 -3693** |
| Plaintiffs, | |
| v. | |
| SUNOCO LOGISTICS PARTNERS OPERATIONS, G.P., L.L.C., and SUNOCO PARTNERS, L.L.C. | |
| Defendants. | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Samuel Link Diller, Bobby Roberts, Clyde E. Rogers, Jr., Barbara Van Orman, Jimmy Wise, and Marcus Ronald Young on behalf of themselves and others similarly situated, bring this complaint to recover unpaid overtime wages from Defendant Sunoco Logistics Partners Operations, G.P., L.L.C., and Sunoco Partners, L.L.C., ("Sunoco" or "Defendants").

## 1. INTRODUCTION

1.1.    The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S. C. § 202(a).  To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

1.2.    The overtime requirements of the FLSA serve the purposes of: 1) spreading out employment by placing financial pressure on the employer to hire additional workers

rather than employ the same number of workers for longer hours; and 2) compensating employees who work overtime.

1.3.    The Defendant has violated the FLSA by failing to pay Plaintiffs and other individuals similarly situated at one and one-half (1½) times their regular hourly rate for all hours worked in excess of forty (40) hours per work week.  Accordingly, Plaintiffs, on behalf of themselves and others similarly situated bring this action to recover unpaid overtime compensation under section 216(b) of the FLSA.

## 2.   JURISDICTION AND VENUE

2.1.    This court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States.  Specifically, this action arises under the FLSA, 29 U.S.C. § 201, *et seq.*

2.2.    Plaintiffs and other individuals similarly situated claims arise under section 16(b) of the FLSA.  29 U.S.C. § 216(b).  Defendant is an "employer" that engages in commerce and is therefore covered by the FLSA.

2.3.    Venue is proper in the Southern District of Texas – Houston Division because Plaintiff Diller resides in the Southern District of Texas – Houston Division, and Defendant has substantial contacts within this district.

## 3.   PARTIES

3.1.    Plaintiff Samuel Link Diller is a resident of Sugar Land, Texas.  Plaintiff Diller was an employee employed by Defendant within the meaning of the FLSA.  Plaintiff Diller's consent to this action is attached as Exhibit 1.

3.2.   Plaintiff Bobby Roberts, is a resident of Bristow, Oklahoma.  Plaintiff Roberts was an employee employed by Defendant within the meaning of the FLSA.  Plaintiff Robert's consent to this action is attached as Exhibit 2.

3.3.   Plaintiff Clyde E. Rogers, Jr, is a resident of Haskell, Oklahoma.  Plaintiff Roberts was an employee employed by Defendant within the meaning of the FLSA.  Plaintiff Robert's consent to this action is attached as Exhibit 3.

3.4.   Plaintiff Barbara Van Orman, is a resident of Tulsa, Oklahoma.  Plaintiff Van Orman was an employee employed by Defendant within the meaning of the FLSA.  Plaintiff Van Orman's consent to this action is attached as Exhibit 4.

3.5.   Plaintiff Jimmy Wise is a resident of Coweta, Oklahoma.  Plaintiff Wise was an employee employed by Defendant within the meaning of the FLSA.  Plaintiff Wise's consent to this action is attached as Exhibit 5.

3.6.   Plaintiff Marcus Ronald Young is a resident of Tulsa, Oklahoma.  Plaintiff Young was an employee employed by Defendant within the meaning of the FLSA.  Plaintiff Young's consent to this action is attached as Exhibit 6.

3.7.   "Members of the Collective Action" are residents of Louisiana, Michigan, New Mexico, Ohio, Oklahoma, Pennsylvania, Texas, and other states across the country.  The members of the collective action are employees and/or former employees of Defendant within the meaning of the FLSA.

3.8.   Sunoco Logistics Partners Operations, G.P., L.L.C., is a foreign corporation authorized to do business in the state of Texas.  Sunoco Logistics Partners Operations, G.P., L.L.C., business operates refined product and crude oil pipelines and terminals and acquires and markets crude oil primarily in the Northeast, Midwest and South Central regions of the

3

U.S. Sunoco is an "employer" under the FLSA and acted as such in relation to Plaintiffs. Process may be served upon Sunoco Logistics Partners Operations, G.P., L.L.C.'s registered agent: C.T. Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

3.9.    Sunoco Partners, L.L.C. is a foreign corporation authorized to do business in the state of Texas.  Process may be served upon Sunoco Partners, L.L.C.'s registered agent: C.T. Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002

4. FACTS

4.1.    Plaintiffs Samuel Link Diller, Bobby Roberts, Clyde E. Rogers, Jr, Barbara Van Orman, Jimmy Wise, and Marcus Ronald Young on behalf of themselves and others similarly situated individuals and/or Members of the Protected Class (collectively referred to as "Plaintiffs") are employees and former employees of Sunoco.  Their primary job duties are those of non-exempt employees under the FLSA.

4.2.    Prior to January 2005, Plaintiffs held the title of Control Center Supervisors.  However, Plaintiffs did not supervise any other employees, did not have the ability to hire or fire employees, and could not write-up or discipline employees.  Moreover, Plaintiffs were not paid for holidays unless they actually worked.  This is consistent with the treatment of non-exempt employees, rather than exempt employees, as they were classified.  When they worked and were paid for holidays, compensation was paid at 1 ½ for 12 hours and straight pay for 8 hours.

4.3.    Plaintiffs worked in excess of 2184 hours per year, yet their pay stubs reflect only 2080 hours.  In an effort to keep Plaintiffs hours at or around 2184, Defendants would schedule

4

comp time for the individuals. Not surprising, the scheduled comp time was paid back at straight time rather than overtime hours.

4.4.   Plaintiffs worked in excess of 40 hours per week. Plaintiffs work shift work. The nature of shift work is that Plaintiffs may work 12 hour shifts, 36 hours one week, and 48 hours, another for a minimum of 84 hours per every two weeks. However, Plaintiffs were not compensated at the overtime rate for the additional 4 hours.

4.5.   Because Plaintiffs were non-exempt employees, Defendants were required to pay them at one and one-half (1½) times their regular hourly rate for those hours worked in excess of forty (40) in a single work week. 29 U.S.C. § 207(a). However, Defendants did not compensate Plaintiffs for all hours worked in excess of forty (40) hours at one and one-half (1½) times their regular hourly rate. Instead, Defendants merely paid Plaintiffs for forty (40) hours of work per week, rather than paying them the statutorily required overtime rate for each hour they worked in excess of forty (40) in a work week.

4.6.   Because Plaintiffs were entitled to be paid for all hours worked in excess of forty (40) at their overtime rate, Defendants' practice of failing to pay Plaintiffs overtime for hours worked in excess of forty (40) hours was and is a clear violation of the FLSA.

4.7.   Moreover, in January 2005, Defendants attempted to correct Plaintiffs status, and changed them to non-exempt employees. However, Defendants continue to violate the FLSA. Plaintiffs are only compensated overtime if they have to work on a previously scheduled day off and work a 12 hour shift. Plaintiff are not compensated overtime (when they work over forty (40) hours per week, if they come into work early or stay late for a meeting, or spend any other time at work. Instead, Defendants continue to schedule

5

comp time for Plaintiffs in an attempt to avoid paying overtime. These actions violate the FLSA.

4.8.    Defendants' illegal pattern and practice with respect to overtime compensation for Plaintiffs was and is in violation of the FLSA. No exemption excuses Defendants from paying Plaintiffs at the proper overtime rates. Defendants knew that its policies and practices violated the FLSA. Further, Defendants did not make a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard carried out this illegal pattern or practice regarding overtime compensation.

## 5.  FACTS – FAIR LABOR STANDARDS ACT/COLLECTIVE ACTION

5.1.    Sunoco failed to pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) hours per workweek.

5.2.    The similarly situated individuals a/k/a members of the collective action are those non-exempt laborers whom Sunoco employed and paid with a fixed weekly sum regardless of the number of hours worked in a given workweek.

5.3.    Plaintiffs worked in excess of (40) hours per work week.

5.4.    Sunoco compensated Plaintiffs with a fixed weekly sum regardless of the number of hours worked in a given workweek.

5.5.    Accordingly, Plaintiffs bring this action to recover the unpaid wages on his behalf and on behalf of all others similarly situated.

5.6.    As non-exempt employees, Plaintiffs are entitled to be paid at one-and-one-half times their regular hourly rate for all hours worked in excess of forty (40) hours in a given workweek. 29 U.S.C. §207(a).

5.7.    Plaintiffs have been victimized by Sunoco's record keeping violations.

5.8.   Plaintiffs have been victimized by Sunoco's pattern, practice and policy which constitute a willful violation of the FLSA.  Plaintiffs are aware that Sunoco has applied its illegal practices or policies to the members of the collective action.

## 6.   JURY DEMAND

6.1.   Plaintiffs hereby make their request for a jury trial.

## 7.   PRAYER

7.1.   Plaintiffs respectfully pray for the following relief:

7.1.1.   Judgment against Sunoco for actual damages sustained by Plaintiffs as alleged herein;

7.1.2.   Grant Plaintiffs overtime pay in an amount equal to one-and-one half times their regular hourly rates.

7.1.3.   Grant Plaintiffs an amount equal to all their overtime wages as liquidated damages.

7.1.4.   Grant Plaintiffs reasonable attorneys' fees and costs. 29 U.S.C. §216 (b).

7.1.5.   Pre-judgment interest at the highest legal rate;

7.1.6.   Post-judgment interest at the highest legal rate until paid;

7.1.7.   Punitive damages;

7.1.8.   Exemplary damages;

7.1.9.   All costs of court, including administrative costs.

7.1.10.   Such other and further relief, at law or in equity, general or special to which Plaintiffs are justly entitled.

Respectfully submitted,

MARK LAZARZ
STATE BAR #12069100
TODD SLOBIN
STATE BAR #24002953
3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFFS

of Counsel:
SHELLIST ★ LAZARZ, LLP.

8

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SAMUEL LINK DILLER, BOBBY ROBERTS, CLYDE E. ROGERS, JR., JIMMY WISE, BARBARA VAN ORMAN, and MARCUS RONALD YOUNG** on behalf of themselves and others similarly situated, | |
| | C.A. No. _____ |
| Plaintiffs, | |
| v. | |
| **SUNOCO LOGISTICS PARTNERS OPERATIONS, G.P., L.L.C., and SUNOCO PARTNERS, L.L.C.** | |
| Defendants. | |

## NOTICE OF CONSENT

I hereby consent to be a party plaintiff in this case, which is a suit to recover unpaid wages under the Fair Labor Standards Act.

DATE: October 26 , 2005

_Samuel Link Diller_
Plaintiff

PLAINTIFF'S
EXHIBIT

1

IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMUEL LINK DILLER, BOBBY ROBERTS, CLYDE E. ROGERS, JR., JIMMY WISE, BARBARA VAN ORMAN, and MARCUS RONALD YOUNG on behalf of themselves and others similarly situated, | |
| | C.A. No. _____ |
| Plaintiffs, | |
| v. | |
| SUNOCO LOGISTICS PARTNERS OPERATIONS, G.P., L.L.C., and SUNOCO PARTNERS, L.L.C. | |
| Defendants. | |

## NOTICE OF CONSENT

I hereby consent to be a party plaintiff in this case, which is a suit to recover unpaid wages under the Fair Labor Standards Act.

DATE: October 26, 2005

_____
Plaintiff

1

PLAINTIFF'S
EXHIBIT
**2**
ALL-STATE LEGAL®

IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SAMUEL LINK DILLER, BOBBY ROBERTS, CLYDE E. ROGERS, JR., JIMMY WISE, BARBARA VAN ORMAN, and MARCUS RONALD YOUNG** on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>**SUNOCO LOGISTICS PARTNERS OPERATIONS, G.P., L.L.C., and SUNOCO PARTNERS, L.L.C.**<br><br>        Defendants. | C.A. No. _____ |

## NOTICE OF CONSENT

I hereby consent to be a party plaintiff in this case, which is a suit to recover unpaid wages under the Fair Labor Standards Act.

DATE: October 27, 2005

*Clyde E Rogers Jr*
Plaintiff

1

PLAINTIFF'S EXHIBIT
3
ALL-STATE LEGAL®

IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| **SAMUEL LINK DILLER, BOBBY ROBERTS, CLYDE E. ROGERS, JR., JIMMY WISE, BARBARA VAN ORMAN, and MARCUS RONALD YOUNG** on behalf of themselves and others similarly situated, | |
| | C.A. No. _____ |
| Plaintiffs, | |
| v. | |
| **SUNOCO LOGISTICS PARTNERS OPERATIONS, G.P., L.L.C., and SUNOCO PARTNERS, L.L.C.** | |
| Defendants. | |

## NOTICE OF CONSENT

I hereby consent to be a party plaintiff in this case, which is a suit to recover unpaid wages under the Fair Labor Standards Act.

DATE: October 25, 2005

_____
Plaintiff

9

PLAINTIFF'S
EXHIBIT
4
ALL-STATE LEGAL®

IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**SAMUEL LINK DILLER, BOBBY
ROBERTS, CLYDE E. ROGERS, JR.,
JIMMY WISE, BARBARA VAN ORMAN,
and MARCUS RONALD YOUNG** on behalf
of themselves and others similarly situated,

       Plaintiffs,

v.

**SUNOCO LOGISTICS PARTNERS
OPERATIONS, G.P., L.L.C., and SUNOCO
PARTNERS, L.L.C.**

       Defendants.

C.A. No. _____

---

### NOTICE OF CONSENT

I hereby consent to be a party plaintiff in this case, which is a suit to recover unpaid

wages under the Fair Labor Standards Act.

DATE: October 26, 2005

_____
Plaintiff

9



IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SAMUEL LINK DILLER, BOBBY ROBERTS, CLYDE E. ROGERS, JR., JIMMY WISE, BARBARA VAN ORMAN, and MARCUS RONALD YOUNG** on behalf of themselves and others similarly situated, | C.A. No. _____ |
| Plaintiffs, | |
| v. | |
| **SUNOCO LOGISTICS PARTNERS OPERATIONS, G.P., L.L.C., and SUNOCO PARTNERS, L.L.C.** | |
| Defendants. | |

## NOTICE OF CONSENT

I hereby consent to be a party plaintiff in this case, which is a suit to recover unpaid

wages under the Fair Labor Standards Act.

DATE: October 26, 2005

_____
Plaintiff

1



%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SAMUEL LINK DILLER, BOBBY ROBERTS, CLYDE E. ROGERS, JR., JIMMY WISE, BARBARA VAN ORMAN, and MARCUS RONALD YOUNG

**DEFENDANTS**
SUNOCO LOGISTICS PARTNERS OPERATIONS, G.P., L.L.C., and SUNOCO PARTNERS, L.L.C.

(b) County of Residence of First Listed Plaintiff **FORT BEND**
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant **HARRIS**
(IN U S PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**H 05 - 3693**

United States Courts
Southern District of Texas
FILED

OCT 2 8 2005

Michael N. Milby, Clerk

(c) Attorney's (Firm Name, Address, and Telephone Number)
MARK LAZARZ
SHELLIST LAZARZ LLP
3D/International Tower
1900 West Loop South, Suite 1910 Houston, Texas 77027

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U S Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
F.L.S.A
Brief description of cause:
OVERTIME CLAIMS (COLLECTIVE ACTION)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint.
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)

JUDGE

DOCKET NUMBER

DATE
OCTOBER 27, 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG JUDGE