IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL DILLER,<br>　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | C. A. No. 4:05-cv-03693 |
| SUNOCO PARTNERS L.L.C.,<br>　Defendant. | §<br>§<br>§ | |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Samuel Diller files this Motion for Partial Summary Judgment and shows:

### I.
### ADMINISTRATIVE EXEMPTION

1. In order to prevail on its affirmative defense under the administrative exemption, a Defendant must establish each of the following elements:

　(1)　the employee earns a salary of at least $455 per week;

　(2)　the employee's primary duty is the performance of office of non-manual work directly related to the management or general business operations of the employer; and

　(3)　the employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.



29 C.F.R. § 541.200.

2.   The focus of this Motion is on the second element -- whether Diller's "primary duty" directly related to the management or general business operations of Sunoco.

3.   Guidance on the types of work that are "directly related to the management or general business operation of the employer" is provided in 29 C.F.R. § 541.201:

> (a) To qualify for the administrative exemption, an employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers. The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, form working on a manufacturing production line or selling a product in a retail or service establishment.
>
> (b) Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities. Some of these activities may be performed by employees who also would qualify for another exemption.
>
> (c) An employee may qualify for the administrative exemption if the employee's primary duty is the performance of work directly related to the management or general business operations of the employer's customers. Thus, for example, employees acting as

advisors or consultants to their employer's clients or customers (as tax experts or financial consultants, for example) may be exempt.

4. As the Fifth Circuit has observed, DOL regulations on the administrative exemption draw a distinction "between those employees whose primary duty is administering the business affairs of the enterprise from those whose primary duty is producing the commodity or commodities, whether goods or services, that the enterprise exists to produce and market." *Dalheim v. KDFW-TV,* 918 F. 2d 1220, 1230 (5th Cir. 1990). In other words, "the question is whether the types of activities the employee is engaged in relate to the administrative operations of the business as distinguished from production or sales." *Kohl,* 440 F. Supp. 2d at 634-35. The typical examples of administrative positions listed in 29 C.F.R. § 541.201(b) reinforce the idea that this exemption covers service-type positions ancillary to the company's actual business "tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network, internet, and database administration; legal and regulatory compliance; and similar activities." While many of these positions may be vital if not indispensable to a well-run business, they are not producing or selling the company's product or service. Rather, in

3

the words of the regulation, they are "*assisting* with the running or servicing of the business." 29 C.F.R. § 541.201(a)(emphasis supplied).

## II.

### DEFENDANT'S EVIDENCE REGARDING DILLER'S "PRIMARY DUTY" IS NOT DISPUTED

5. In Defendant's previously filed Motion for Summary Judgment, Defendant identifies the "duties" of a Controller. *See* pp. 4-5 of Motion.

6. According to the affidavit of Todd DeIuliis, the controllers "monitor, analyze and control the operations of their assigned pipeline systems via their computer Supervisory Control and Data Acquisition ("SCADA") system." More specifically, as noted by Mr. Diller, Controllers "operate the pipeline systems, including, among other things, the starting and stopping of pumps, closing pump valves, changing pipeline products, and monitoring pressures and changes in pipeline contents and controls (including changes in temperature)." *Id.* at ¶s 4-6, 8-10. *See* Ex. 3 ¶ 4 of Defendant's Motion.

7. Assuming Defendant's assertion is correct regarding Plaintiff's duties, **which Plaintiff does not dispute,** the application of such duties to the administrative exemption test is a question of law. *See Smith v. City of Jackson, Mississippi,* 954 F.2d 296, 298 (5th Cir. 1992) (court recognized that it was undisputed that Plaintiffs were regularly engaged in managerial activities and thus, court could rule, as a matter of law, on the proposed

4

exemption); *Pressley v. Sanderson Farms, Inc.*, 2001 WL 850017 (S.D. Tex. 2001). (court recognized that within the FLSA context, "the precise nature of the employee's duties is a question of fact, while the application of the FLSA to those duties is a question of law").

### III.
### APPLICATION OF DILLER'S PRIMARY DUTIES TO THE LAW

8. Sunoco is in the business of transporting crude products through its pipeline system. The question, therefore, is whether Diller's primary duty relates to the administrative side of such business or, whether it relates instead to providing the very service for which Sunoco exists. In other words, were Diller's services "ancillary" to Sunoco's pipeline business?

In addressing this seminal issue, the Magistrate held that:

> His services were not ancillary to Sunoco's pipeline business; they were central to that business. Therefore, it is difficult to understand how Diller's job, directly controlling the movement of crude oil and other products from one location to another could be regarded as administrative in nature.

Memorandum & Recommendation at pp. 8-9.

This finding was adopted by the Court. Based on the applicable law, and applying this Court's ruling, Sunoco cannot establish the second element as a matter of law. *See Dalheim v. KDFW - TV*, 918 F. 2d 1220, 1230 (5th Cir. 1990).

## IV.
## CONCLUSION

Plaintiff's "primary duty" was not administrative work. Plaintiff primary function was to provide the service of transporting crude oil products through the Sunoco pipelines. Based on clear precedent, this Court should grant Plaintiff's Motion for Partial Summary Judgment. A proposed Order is attached.

                                      Respectfully submitted

                                      Mark Lazarz
                                      State Bar No. 12069100
                                      Todd Slobin
                                      State Bar No. 24002953
                                      3D/International Tower
                                      1900 West Loop South, Suite 1910
                                      Houston, Texas 77027
                                      (713) 621-2277 (713) 621-0993 (Fax)

Of Counsel:

                                      ATTORNEYS FOR PLAINTIFF

**SHELLIST ★ LAZARZ, LLP**

## CERTIFICATE OF SERVICE

I certify that a correct copy of the foregoing instrument has been forwarded via ECF ("Electronic Court Filing), certified mail, return receipt requested, via hand-delivery or via telecopier, on the 3rd day of September, 2007, to:

Felicity A. Fowler \ Matthew Deffenbaugh
**HAYNES AND BOONE, L.L.P.**
1221 McKinney Street, Suite 2100
Houston, Texas 77010

Mark G. Lazarz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL DILLER,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | C. A. No. 4:05-cv-03693 |
| SUNOCO PARTNERS L.L.C.,<br>    Defendant. | §<br>§<br>§ | |

## ORDER

On this day Plaintiff's Motion Partial Summary Judgment came on to be heard.

The Court is of the opinion the Motion should be GRANTED. It is, therefore,

ORDERED that Plaintiff's Motion Partial Summary Judgment is GRANTED.

SIGNED this the _____ day of _____, 2007.


_____
JUDGE PRESIDING